IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
EASTERN DIVISION
No. 4:01-CR-1-1H
No. 4:09-CV-173-H

| | |
|---|---|
| ANTHONY ALSTON, | )<br>) |
| Petitioner, | )<br>)<br>) |
| v. | )    **ORDER**<br>) |
| | )<br>) |
| UNITED STATES OF AMERICA,<br>Defendant. | )<br>) |

This matter is before the court on the government's motion to dismiss petitioner's § 2255 motion. The court previously allowed petitioner to amend his § 2255 motion, which he did by filing on November 16, 2010. This matter is ripe for adjudication.

**BACKGROUND**

On July 10, 2001, petitioner was sentenced to 96 months' imprisonment and five years of supervised release after pleading guilty to a drug conspiracy charge pursuant to 21 U.S.C. § 846. Petitioner served his active sentence and was released on November 23, 2007. In April 2008, petitioner was again arrested for his involvement in drug activity. Following his arrest, the United States Probation Office made a motion for revocation of petitioner's supervised release. On June 3, 2008, this court

held a supervised release revocation hearing, at which time the court found a supervised release violation by a preponderance of the evidence and sentenced petitioner to an additional 60 months' imprisonment. Following affirmation on appeal, petitioner timely filed a motion to vacate pursuant to 28 U.S.C. § 2255.

Petitioner's motion raises four grounds for relief, arguing (1) he was coerced into pleading "no contest" to the supervised release violation because his attorney told him he might receive leniency from the court; (2) the court erred by not addressing him personally to ensure that his plea of "no contest" was voluntary; (3) the integrity of the federal supervised release violation proceedings were compromised by the fact that the underlying state criminal charges were subsequently dismissed; and, (4) his appellate counsel was ineffective because he did not inform the Fourth Circuit Court of Appeals of the fact that his state charges had been dismissed.[1]

As to petitioner's first two claims, the Fourth Circuit specifically held in petitioner's case that the procedural safeguards of Federal Rule of Criminal Procedure 11 do not apply

---

[1] As noted above, petitioner also filed an amended motion on November 16, 2010, which this court has reviewed. This additional filing expands his argument on claim number one and is essentially a response to the government's motion. The court has considered petitioner's arguments contained in the amended filing.

2

to supervised release revocation hearings. United States v. Alston, 311 Fed. App'x 617 (4th Cir. 2009). The extensive colloquy contemplated by Rule 11(b) to ensure that a plea is knowing and voluntary does not apply in supervised release revocation hearings. Therefore, petitioner's claim that the court failed to personally address him is without merit.

Additionally, petitioner's claim that his counsel was ineffective in his advice to petitioner that he should plead "no contest" is also without merit. To prove ineffective assistance of counsel, petitioner must satisfy the dual standards of Strickland v. Washington, 466 U.S. 668 (1984). First, petitioner must show that counsel's performance was deficient in that it fell below the standard of reasonably effective assistance. Id. at 687-91. In making this determination, there is a strong presumption that counsel's conduct was within the wide range of reasonable professional assistance. Id. at 689. Second, petitioner "must show that there is a reasonable probability that, but for counsel's errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." Id. at 694.

There is no evidence that petitioner's counsel was ineffective as to this matter. Counsel merely gave petitioner

3

advice on a strategic matter, attempting to help petitioner receive a more lenient sentence. There is neither evidence in petitioner's motions of legal advice which fell below the reasonable standard nor any evidence of coercion, only strategic advice regarding his plea. Additionally, the petitioner has not shown that the result, i.e., the court's finding of a violation, would have been different. Therefore, petitioner has not shown that his counsel was ineffective.

As to claim three, the dismissal of the underlying state charges has no bearing over the adjudication of his federal supervised release violation. See United States v. Thompson, 297 Fed. App'x 211, 212-13 (4th Cir. 2008) ("[T]he district court may find that the defendant has violated a condition of his supervised release based on its own findings of new criminal conduct, even if the defendant is acquitted on criminal charges arising from the same conduct, or if the charges against him are dropped.") Additionally, plaintiff has not shown any evidence of his actual innocence of the underlying drug offenses, only that the charges were dismissed. It is not uncommon for state prosecutors to dismiss state charges once an offender has been punished for the crime at the federal level. Therefore, petitioner's allegations in claim three are also without merit.

4

Finally, because the court has already found that the dismissal of state charges was irrelevant to his federal supervised release violation, petitioner cannot show his appellate counsel was ineffective for failing to inform the Fourth Circuit that the state charges were dismissed.

## CONCLUSION

For the foregoing reasons, the government's motion to dismiss is GRANTED, and petitioner's § 2255 motion is DISMISSED. Finding no substantial issue for appeal concerning the denial of a constitutional right, a certificate of appealability is not issued. All other pending motions are deemed MOOT. The clerk is directed to close this case.

This 1st day of December 2010.

Malcolm J. Howard
Senior United States District Judge

At Greenville, NC
#26